In the Matter of the Application of ROBERT DAVID LION GARDINER, an Infant over the Age of Fourteen Years, for a Decree Directing the BANK OF NEW YORK AND TRUST COMPANY, etc., as Guardian of the Property of ROBERT DAVID LION GARDINER, to Judicially Settle Its Accounts, and for the Revocation of Letters of Guardianship, etc. In the Matter of the Judicial Settlement of the Account of Proceedings of BANK OF NEW YORK AND TRUST COMPANY, etc., as Guardian of the Estate of ROBERT DAVID LION GARDINER, etc. ROBERT DAVID LION GARDINER and NORA LOFTUS GARDINER, Appellants; BANK OF NEW YORK AND TRUST COMPANY, Respondent.— Decree of the Surrogate's Court of Suffolk county, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky P. J., Rich, Young, Kapper and Hagarty, JJ.

In the Matter of the Judicial Settlement of the Account of WILLIAM C. LANGE, as Temporary Administrator, etc., of JOHN W. RAPP, Deceased. GEORGE S. CARR, as Executor of the Last Will and Testament of JOHN W. RAPP, Deceased, Appellant; WILLIAM C. LANGE, as Temporary Administrator of the Estate of JOHN W. RAPP, Deceased, Respondent.— Decree of the Surrogate's Court of Queens county, settling the account of the temporary administrator in so far as it allows, as a valid and preferred claim against the estate, the claim of Frederick S. Rauber in the sum of $8,500 " for monies advanced and loaned to decedent's estate upon promissory note made and executed by Cupee Realty Company by W. C. Lange, Secretary," modified by eliminating therefrom the claim of Frederick S. Rauber of $8,500, with interest thereon from February 7, 1923, and as so modified unanimously affirmed, without costs. The temporary administrator, William C. Lange, was also secretary of the Cupee Realty Company, the stock of which corporation was owned by decedent's estate. Lange, in his capacity as secretary of the corporation, executed a note to the order of Frederick S. Rauber. The claim before the surrogate was that this note was discounted by an " outside money lender " for $6,800. As to the transaction involving the discount, respondent's supplemental brief, however, shows facts to the contrary which indicate that a full disclosure was not made before the surrogate. A bonus of twenty per cent was not paid for the discount of the note, but the payee now takes the position that he obligated himself to pay this amount, not to the Title Guarantee and Trust Company, referred to in the record as an " outside money lender," but to a client for the use of Liberty bonds deposited as collateral security, which money was at no time paid to the client. Of the proceeds, the sum of $6,800 was applied toward the payment of the judgment against the corporation on foreclosure of a third mortgage in the principal sum of $7,000. The mortgage had been given as security for the payment of a promissory note to the corporation, which promissory note was indorsed by the decedent, but the estate was not a party to the foreclosure. While the proof is that the order confirming the report of the referee, computing the amount and directing the sale, granted leave to plaintiff to proceed against the estate for the deficiency, the estate was but contingently liable. Assuming any liability upon the part of the estate, which we doubt, it is to the corporation and not to the claimant. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.